UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEON JEFFERSON JOHNSON # 264657,

                Plaintiff,                No. 12-cv-10976

vs.                                          Hon. Gerald E. Rosen

GENESEE COUNTY, et al.,

                Defendants.
_____/

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DENYING MOTION FOR RELIEF FROM JUDGMENT

        At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on November 11, 2015

        PRESENT:   Honorable Gerald E. Rosen
                               United States District Chief Judge

Plaintiff Deon Jefferson Johnson is currently a Michigan prisoner incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan. Johnson recently filed a Motion for Appointment of Counsel [Dkt. # 43] and a Motion for Relief from Judgment [Dkt. # 44], seeking relief from the Court's October 18, 2013 Order and Judgment dismissing a Section 1983 civil rights action he brought in February 2012 against Genesee County and several individual Genesee County Sheriff's deputies arising out of his March 2011 arrest and detention by deputy sheriffs at the county jail after having been picked up on bench warrants issued by that Court for outstanding child support in two cases. Plaintiff had been found guilty of civil contempt of Court and sentenced to 45

and 90 days in jail.[1]

Johnson was originally represented by an attorney in this matter but counsel was granted permission to withdraw as counsel on August 16, 2013. In the Order granting his attorney's motion to withdraw, Johnson was given 30 days to obtain new counsel and was admonished that if no counsel filed an appearance on his behalf after the expiration of the 30-day period, the Court would proceed to consider the motion for summary judgment that had been filed by the defendants. Johnson does not dispute that he received a copy of the Court's Order allowing his attorney to withdraw. In fact, he admits that he contacted the Court after his attorney's withdrawal to inquire about his case and that on October 2, 2013, he received from the Court an application for appointment of counsel form and a copy of the Court's entire docket of his case.

On October 4, 2013, the Court entered an Order to Show Cause directing Plaintiff to show cause in writing by October 11, 2013 why his case should not be dismissed for lack of prosecution. No timely response to the Show Cause Order was ever received by the Court.[2] However, on October 10, 2013, Plaintiff submitted an Application for Appointment of Counsel. The Court found Plaintiff's Application to be deficient and therefore, denied it. That same day, October 18, 2013, the Court dismissed Plaintiff's

---

[1] Johnson's Genesee County jail term is unrelated to the present term of imprisonment which Johnson is serving at the Bellamy Creek Correctional Facility pursuant to his 2014 conviction and sentence for First Degree Criminal Sexual Conduct, Assaulting a Police Officer, and Resisting and Obstructing.

[2] The Show Cause Order sent to Plaintiff at his permanent Clio, Michigan residence was subsequently returned as "undeliverable."

complaint, without prejudice.

Though Plaintiff complains about not having received the Show Cause Order, he does not dispute that he promptly received the October 18, 2013 Order and Judgment of Dismissal. Yet, he took no action whatsoever for almost two years, until July 16, 2015 when he sent a letter to the Court asking how he can get a court-appointed attorney and what he had to do to get his case re-opened, which he did not follow up on until September 23, 2015 when he filed the instant Motions for Appointment of Counsel and for Relief from Judgment.

## DISCUSSION

Plaintiff purports to bring his Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6). As the grounds for this motion, Plaintiff points to his incarceration at the Genesee County Jail (from July 15, 2013 to May 12, 2014) where he contends he had no access to a law library where he could assemble information he need to respond [to the show cause order]. He further contends that he "ha[s] been taking great diligence in responding as soon as he got the order dismissing his case for failure to prosecute on October 18, 2013."

Both the U.S. Supreme Court and this Court have repeatedly held that relief under Rule 60(b)(6) is "extraordinary relief" to be granted only in exceptional circumstances. *Ackermann v. United States*, 340 U.S. 193, 202 (1950); *Mallory v. Eyrich*, 922 F.2d 1273, 1281 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989); *Pierce v. UMW Welfare & Retirement Fund*, 770 F.2d 449, 451 (6th

Cir. 1985), *cert. denied*, 474 U.S. 1104 (1986).

Exceptional circumstances under Rule 60(b)(6) means "unusual and extreme situations where principles of equity <u>mandate</u> relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original). A claim of simple error, unaccompanied by extraordinary or exceptional circumstances, is not cognizable under Rule 60(b). *Pierce v. UMW Welfare & Retirement Fund, supra*, 770 F.2d at 451.

Plaintiff Johnson has not shown such exceptional circumstances. Being an incarcerated, *pro se* litigant does not present exceptional circumstances warranting Rule 60(b)(6) relief. Moreover, Plaintiff sat on his right to seek relief from judgment for nearly two years. Though Plaintiff complains about not having been timely served with a copy of the Order to Show Cause, he has not shown that this in any way precluded him from promptly moving for relief once he received the Order and Judgment of Dismissal, without prejudice in October 2013. Yet he made no effort to seek to obtain relief until nearly two years later, and did not file the instant motion until last Friday, October 23, 2015.

Motions brought under Rule 60(b)(6) must be filed within "a reasonable time," which is dependent on the facts of each case. Fed. R. Civ. P. 60(c)(1); *see Thompson v. Bell*, 580 F.3d 423, 443 (6th Cir. 2009), *cert. denied*, 131 S. Ct. 102 (2010) ("Whether the timing of the motion is reasonable 'ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief.'" (quoting *Olle*

*v. Henry & Wright Corp.*, *supra,* 910 F.2d at 365). The Court finds insufficient basis in the facts and circumstances presented here to excuse Plaintiff's tardy filing of his Rule 60(b)(6) Motion.

The Court further finds insufficient grounds for appointing counsel to represent Plaintiff. Appointment of counsel in a civil case is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (citing *Mekdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1522 n. 19 (11th Cir.1983)). "It is a privilege that is justified only by exceptional circumstances." *Id.,* (quoting *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir.1982)); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.1985). Simply being incarcerated -- which at best is what Plaintiff here relies upon -- does not establish such exceptional circumstances to justify appointment of counsel.

For the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel **[Dkt. # 43]** and his Motion for Relief from Judgment **[Dkt. # 44]** are DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: November 2, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 2, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

5